UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GO! PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. _____ |
| ) | 1:05-cv-1270-LJM-WTL |
| GRILL MAN INC., BIG JOHN GRILLS ) | |
| AND ROTISSERIES, and THOMAS DERR ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

### COMPLAINT

Plaintiff, GO! Products, Inc., ("GO!"), by its counsel, for its complaint against the defendants, Grill Man Inc., Big John Grills and Rotisseries and Thomas Derr (collectively, "defendants"), alleges as follows:

### Parties

1. GO! is an Illinois corporation with its principal place of business in Elmhurst, Illinois. GO! is engaged in the business of designing, manufacturing and sale of portable grill products throughout the United States.

2. Upon information and belief, defendant Grill Man Inc. ("Grill Man") is a Pennsylvania corporation with its principal place of business in Lewistown, Pennsylvania, engaged in the business of manufacturing outdoor grills, which it distributes and sells throughout the United States, including the state of Indiana and the Southern District of Indiana.

3. Upon information and belief, Big John Grills and Rotisseries ("Big John") is a Pennsylvania corporation, with its principal place of business in Pleasant Gap, Pennsylvania, engaged in the business of manufacturing outdoor barbeque grills.

4. Upon information and belief, Thomas Derr is a resident of the state of Pennsylvania, residing in Lewistown, Pennsylvania, and is the President of Grill Man, and Vice President of Big John.

5. Upon information and belief, in 2002, discussions were had between Grill N Chill, Inc., an Indiana corporation with its principal place of business in McCordsville, Indiana ("GNC") (GO!'s predecessor in interest) and Thomas Derr ("Derr"), President of Grill Man and Vice President of Big John. The discussions began as negotiations for a manufacturing arrangement whereby a Derr entity would manufacture for GNC portable grill and cooler combinations invented by Dan Brennan, President of GNC.

6. To facilitate these discussions, GNC agreed to divulge proprietary, confidential and trade secret information ("Confidential Information") to Derr and Big John as part of their due diligence. In order to protect its Confidential Information, GNC entered into a Non-Disclosure Agreement with Derr, personally, and Big John in 2002 (the "NDA") (See Exhibit A).

7. The NDA restricted Derr and Big John's use of the GO! Confidential Information by expressly reciting that it did not give Derr or Big John the right to make, use, sell or offer to sell, any product derived from the Confidential Information or covered by any patent, copyright or intellectual property right owned by GNC. The NDA further prohibited Derr and his agents or representatives from making contact with any of GNC's suppliers, attorneys, accountants, customers, lenders or shareholders without prior written consent from GNC.

8. The NDA had an indefinite term with no expiration date and remains in force still today.

9. Upon information and belief, during these discussions and subject to the NDA, GNC provided Derr and Grill Man with plans and specifications for a portable grill and cooler combination as described and claimed in the then-pending application that eventually issued as the '155 patent, and ultimately issued a purchase order to Grill Man for fifty (50) units.

10. Upon information and belief, Grill Man, without authorization or approval from GNC, manufactured the portable grill and cooler combination as described and claimed in the then-pending application that eventually issued as the '155 patent in a number far in excess of GNC's purchase order.

11. In May, 2003, GO! purchased certain assets of GNC, including the '155 and '855 patents, the GO! Marks (as hereinafter defined), and the NDA.

12. Shortly after acquiring the aforementioned assets of GNC, GO!, in June, 2003, commenced negotiations in good faith with Derr and Grill Man for a non-exclusive supply contract for the manufacture of the portable grill and cooler combination covered by the then-pending '155 patent. Those negotiations eventually were unsuccessful, and no supply contract between GO! and any of the defendants was ever consummated.

13. During the period of time when GO! was negotiating with Derr and Grill Man for the non-exclusive right to manufacture the portable grill and cooler combination, GO! became aware of Grill Man's inventory of the unauthorized portable grill and cooler combination. In a good faith effort to secure a written supply contract from Grill Man, with appropriate safeguards and protections, and to reduce Grill Man's inventory of the unauthorized portable grill and cooler combination, GO! periodically issued purchase orders to Grill Man for a limited number of such product.

14. When negotiations with Derr and Grill Man for a supply contract ultimately terminated, GO! ceased issuing purchase orders to Grill Man for such product and demanded that Derr and Grill Man immediately cease using GO!'s intellectual property.

15. Upon information and belief, defendants continue to manufacture, offer for sale, sell and market their "Grill N' Chill" portable grill and cooler combination. Upon information and belief, the portable grill and cooler combinations made and sold by defendants incorporate the design learned from GNC/GO! as part of the Confidential Information obtained from GNC/GO! pursuant to and under the protection of the NDA.

## Jurisdiction

16. This action arises under the Patent Laws of the United States, Title 35, U.S. Code, and under the laws of trademark infringement, dilution and unfair competition, found under federal and state law, including 15 U.S.C. §§ 1125(a), and the common law of the state of Indiana.

17. Plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.00.

18. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, as well as 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1132 (Diversity of Citizenship); 28 U.S.C. § 1337 (a)(Commerce Regulations); and 28 U.S.C. § 1338 (b) (Trademark and Unfair Competition). Additionally, this Court has jurisdiction over the pendant state-law claims pursuant to 28 U.S.C. § 1367 (a) (Supplemental Jurisdiction).

## Venue

19. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and § 1400(b).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,575,155

20. GO! is the owner of U.S. Patent No. 6,575,155, titled "Portable Grill and Cooler Apparatus," which issued on June 10, 2003 ("the '155 patent"). GO! acquired the '155 patent from GNC by assignment and has the right to recover any and all damages for past, present, or future infringement thereof. The '155 patent was legally and duly issued. (See Exhibit B.)

21. Among other features, the '155 patent discloses and claims a grill, a cooler, a recessed housing assembly, a wheeled base portion and a scissors lift portion extending between the recessed housing portion and the wheeled base portion and adapted to raise the recessed housing portion from a transport position to a use position and lower the recessed housing portion from the use position to the transport position.

22. Defendants manufacture, advertise, offer for sale and sell a portable grill and cooler combination under the name "Grill N' Chill" that incorporates a grill, a cooler, a recessed housing assembly, a wheeled base portion and a scissors lift portion extending between the recessed housing portion and the wheeled base portion and adapted to raise the recessed housing portion from a transport position to a use position and lower the recessed housing portion from the use position to the transport position. The manufacture, advertisement, offering for sale, and sale of these portable grill and cooler combinations is without license or consent from GO!.

23. By their manufacture, offering for sale, and sale of the "Grill N' Chill" portable grill and cooler combination, defendants infringe the GO! '155 patent.

24. Upon information and belief, defendants had actual knowledge of the GO! '155 patent, at least as early as their June, 2003 discussions with GO!.

25. Defendants willfully adopted, manufactured and sold a portable grill and cooler design that infringes the GO! '155 patent.

26. Defendants have been and continue to willfully infringe the GO! '155 patent.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 6,725,855

27. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 26 of this Complaint as though set forth fully herein.

28. GO! is the owner by assignment of U.S. Patent No. 6,725,855, titled "Portable tailgating apparatus," which issued on April 27, 2004 ("the '855 patent"). GO! acquired the '855 patent from GNC by assignment and has the right to recover damages for past, present, and future infringement thereof. The '855 patent was legally and duly issued. (See Exhibit C.)

29. Among other features, the '855 patent discloses and claims a recessed lifting assembly particularly adapted for attaching portable grills to the hitches of motor vehicles.

30. Defendants continue to manufacture, advertise and sell their "Grill N' Chill" portable grill and cooler combination, which includes a recessed lifting assembly. The manufacture, advertisement and sale of these recessed lifting assemblies is without license or consent from GO!.

31. By their manufacture and sale of "Grill N' Chill" portable grill and cooler combinations, Defendants willfully infringe the '855 patent.

## COUNT III

### FEDERAL TRADEMARK INFRINGEMENT

32. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 31 of this Complaint as though set forth fully herein.

33. GO! owns a United States federal registration for the GRILL N CHILL Design mark, Registration No. 2,500,441, issued October 23, 2001 (See Exhibit D.)

34. GO! also owns a United States federal registration for the GRILL N CHILL mark, Registration No. 2,869,375, issued August 3, 2004 (See Exhibit E.)

35. Defendants have adopted and are using in interstate commerce the mark GRILL-N-CHILL, as a trademark for portable grill and cooler combinations, in a manner that is likely to and has caused confusion, mistake and/or damage in the marketplace, and is likely to cause damage to GO!'s business reputation and GO!'s ability to use its trade name and trademarks effectively.

36. Defendants' activities, including their aforementioned use of marks identical with or confusingly similar to GO!'s federally registered GRILL N CHILL marks, constitute use in commerce of a mark that is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection or association of defendants with GO!, and as to the origin, sponsorship or approval of defendants' products and services by GO!.

37. Defendants' activities have been willful, deliberate, and intentional, causing a likelihood of confusion, and were done with intent to trade upon the goodwill and reputation of GO! and its trade name and trademarks.

38. GO!'s business, goodwill, and reputation have been and will continue to be irreparably harmed by defendants' activities unless defendants are enjoined.

39. GO!'s remedy at law is inadequate.

40. Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

## COUNT IV

## FEDERAL UNFAIR COMPETITION

41. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 40 of this Complaint as though set forth fully herein.

42. GO!, or its predecessor in interest, in addition to the GRILL N CHILL marks, originated and began using at least as early as July, 2001, the following trademarks (for which applications for registration have been filed) to identify and distinguish its portable grill and cooler combination: THE ULTIMATE TAILGATING EXPERIENCE, SN 76/567,872 (standard character) and ULTIMATE TAILGATING, SN 76/672,610 (standard character) and SN 76/675,202 (design mark). GO!'s federally registered GRILL N CHILL marks, together with THE ULTIMATE TAILGATING EXPERIENCE and ULTIMATE TAILGATING, are hereinafter collectively referred to as the "GO! Marks."

43. Since 2001, GO!, or its predecessor in interest, has continuously marketed and sold its portable grill and cooler combination emblazoned with its GO! Marks.

44. Defendants have adopted and are using in interstate commerce the GO! Marks and name GRILL N' CHILL as trademarks for their portable grill and cooler combinations, in a manner that is likely to and has caused confusion, mistake and/or damage in the marketplace, and is likely to cause damage to GO!'s business reputation and GO!'s ability to use its trade name and trademarks effectively.

45. Defendants have adopted and are using in conjunction with commercial advertising the GO! Marks in order to promote its grill and cooler combination goods, including advertisements claiming that they are the "Master Distributor for GRILL N' CHILL", in a manner that is likely to and has caused confusion, mistake and/or damage in the marketplace,

and is likely to cause damage to GO!'s business reputation and GO!'s ability to use its trade name and trademarks effectively.

46. Defendants' activities, including their aforementioned use of the GO! Marks, constitute use in commerce of a mark that is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection or association of defendants with GO!, and as to the origin, sponsorship or approval of defendants' goods and services by GO!.

47. On information and belief, defendants' activities have been willful, deliberate, and intentional, causing a likelihood of confusion, and were done with intent to trade upon the goodwill and reputation of GO! and its trademarks.

48. GO!'s business, goodwill, and reputation have been and will continue to be irreparably harmed by defendants' activities unless defendants are enjoined.

49. GO!'s remedy at law is inadequate.

50. Defendants' activities constitute unfair competition in violation of the federal Lanham Act, 15 U.S.C § 1125(a).

## COUNT V

## BREACH OF CONTRACT

51. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 50 of this Complaint as though set forth fully herein.

52. Defendants' misappropriation of the Grill N Chill/GO! Confidential Information, and the use of such information in the development of the Grill N' Chill portable grill and cooler combination constitutes a breach of the NDA.

## COUNT VI

## UNJUST ENRICHMENT

53. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 52 of this Complaint as though set forth fully herein.

54. Defendants have unfairly benefited from and been unjustly enriched through their infringing conduct, all to the continuing loss and detriment of GO!.

## COUNT VII

## TORTIOUS INTERFERENCE

55. Plaintiff GO! incorporates by reference all allegations contained in paragraphs 1 through 54 of this Complaint as though set forth fully herein.

56. GO! has established ongoing relationships between itself and its existing partners and shopping customers, and enjoys an economic advantage therefrom.

57. GO! had and has reasonable expectations of entering into further valid business relationships with prospective partners and customers within Indiana and elsewhere who have, upon information and belief, received or been exposed to defendants' misleading and willfully infringing use of the GO! Marks.

58. Defendants are aware of these ongoing and prospective business relationships enjoyed by GO!.

59. Without just cause and with knowledge of these ongoing and prospective business relationships, defendants are intentionally interfering with said relationships by causing or attempting to cause GO!'s customers to purchase defendants' goods and services in the mistaken belief, created by defendants' unauthorized use of deceptively similar marks, that defendants' services are in some fashion authorized by or offered in affiliation with GO!, and by causing

present prospective customers to choose to discontinue to conduct business with GO! because of the loss and diminution of the valuable goodwill GO! has established at great expense in its GO! Marks, trade name and overall corporate image, thereby impeding the continuance or formation of those relationships resulting in lost sales and other lost business opportunities to GO!.

60. By engaging in the tortious interference conduct as described, defendants have harmed GO!, all to GO!'s continuing loss and detriment.

WHEREFORE, GO! demands judgment against defendants and prays for an Order granting:

- A. An injunction permanently restraining defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of said order by personal service or otherwise, from further acts of infringement of the '155 and '855 patents.

- B. An accounting to determine the damage, consistent with 35 U.S.C. § 284, caused GO! by defendants' acts of infringement and an award to GO! of the amount of damage so determined, together with interest and costs, and that the damages assessed against defendants be increased threefold in view of the willful nature of defendants' willfully infringing acts.

- C. Finding that defendants have infringed GO!'s rights in the GO! Marks, and has damaged GO!'s reputation and goodwill in violation of 15 U.S.C. § 1114.

- D. Finding that defendants have unfairly competed with GO! in violation of 15 U.S.C. § 1125(a).

- E. An order preliminarily and thereafter permanently, enjoining and restraining defendants, their officers, agents, servants, employees, attorneys and all those in

active concert or participation with them who receive actual notice of said order by personal service or otherwise from:

(1) using the marks GRILL N' CHILL, ULTIMATE TAILGATING, or THE ULTIMATE TAILGATING EXPERIENCE or any other mark or design that is likely to cause confusion, mistake, deception with, or to dilute the distinctive quality of the GO! Marks in connection with the provision, advertising, promotion or other use of portable grill and cooler combinations and all related or similar activities and services;

(2) causing likelihood of confusion or injury to GO!'s business reputation or GO!'s ability to use its name and the GO! Marks;

(3) unfairly competing with GO! or using any false designation of origin or false description that can or is likely to mislead the public to believe that any products or services manufactured, distributed, offered or sold by defendants and/or GO! are in any manner associated, affiliated or connected to each other;

(4) engaging in any other activity constituting infringement of GO!'s rights in the GO! Marks and trade name GRILL N' CHILL, or GO!'s rights to use or to exploit the same; and

(5) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs E(1) through E(4) above.

F. Directing defendants, pursuant to 15 U.S.C. § 1116, to file with the Court and serve on GO! within thirty (30) days after the service of an injunction on defendants, a report in

writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction.

G. Finding defendants, pursuant to 15 U.S.C. § 1117, liable to GO! for defendants' profits, all damages sustained by GO!, and the costs of this action, including monetary relief in an amount not to exceed three (3) times GO!'s actual damages incurred.

H. Finding this case to be "exceptional" under 15 U.S.C. § 1117 and awarding GO! its reasonable attorneys' fees.

I. Finding defendants liable to GO! for a reasonable royalty for defendants' unauthorized use of the GO! Marks.

J. Directing defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, at defendants' expense, within thirty (30) days after service of an injunction on defendants, all stationery, cards, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other printed matter and any and all plates, molds or other means of making same bearing the GO! Marks in defendants' possession or under defendants' custody or control.

K. An award of punitive damages in a sum sufficient to punish defendants and to deter it and others similarly situated from like conduct.

L. Directing defendants to pay GO! a monetary award for GO!'s corrective advertising to enable GO! to repair and reclaim its GO! Marks and eliminate the confusion in the marketplace caused by defendants' infringing conduct.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable by a jury.

GO! PRODUCTS, INC.

By: _____
Steven G. Cracraft [3417-49]
Daniel L. Boots [11879-06]
Patricia A. Hughel [24115-49]
BINGHAM MCHALE LLP
10 West Market Street
2700 Market Tower
Indianapolis, Indiana 46204-4900
317.635.8900
317.236.9907 (facsimile)

*Attorneys for Plaintiff GO! Products, Inc.*

978034.2