UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GO! PRODUCTS, INC.,              )
    Plaintiff,                )
                                    )
v.                           )    CASE NO. 1:05-cv-1270-LJM-WTL
                                    )
GRILL MAN INC., BIG JOHN GRILLS   )
AND ROTISSERIES, and THOMAS DERR,  )
    Defendants.           )

**STIPULATED PERMANENT INJUNCTION**

This Stipulated Permanent Injunction is entered into by the Plaintiff, Go! Products, Inc. and the Defendants, Grill Man Inc., Big John Grills and Rotisseries, and Thomas Derr to resolve this action.

A.      Plaintiff GO! Products, Inc. ("GO! Products"), an Illinois corporation with its principal place of business in Elmhurst, Illinois is the assignee of U.S. Patent No. 6,575,155 (the "'155 patent") and U.S. Patent No. 6,725,855 (the "'855 patent") and the listed owner of United States federal registrations (Registration No. 2,500,441 and Registration No. 2,869,375) for the GRILL N CHILL design mark and mark, the trademarks at issue in this case.

B.      Defendants Grill Man Inc. ("Grill Man") and Big John Grills and Rotisseries ("Big John") are Pennsylvania corporations with their principal places of business in the state of Pennsylvania.  Defendants Thomas Derr ("Derr") is a citizen of the state of Pennsylvania, residing in State College, Pennsylvania.

C.      On August 25, 2005, Plaintiff Go Products, Inc. filed a seven count complaint against Grill Man Inc, Thomas Derr and Big John Corp alleging infringement of the '155 patent and the '855 patent; infringement of two federally registered trademarks, the GRILL N' CHILL design mark, Reg. No. 2,500,441, issued October 23, 2001, and the GRILL N' CHILL mark,

Reg. No. 2,869,375, issued August 3, 2004; Federal Unfair Competition; Breach of Contract; Unjust Enrichment; and Tortious Interference.   Plaintiff sought fifteen (15) various remedies including injunctive relief, damages, and other sanctions.

D.      Defendants filed an answer denying liability and asserted counterclaims to invalidate the patents, cancel the trademarks, asserted a breach of contract by Go!, and alleged tortuous interference with prospective customers for the sale of their remaining inventory.   The defendants also pled numerous affirmative defenses.

E.      This Court has subject matter jurisdiction over the action pursuant to 35 U.S.C. § 271, et seq., 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1131 and 1338.

F.      In an effort to avoid further contested litigation, a settlement conference was held on May 4, 2006 and the parties reached an agreement that resolved all pending claims without further proceedings.   Accordingly, as indicated by the signatures appearing below, Go! Products and the Defendants agree to and request entry of this Stipulated Permanent Injunction.

IT IS HEREBY ADJUDGED, ORDERED AND DECREED:

1.      The Defendants shall pay to Plaintiff the sum of $18,000 on or before July 15, 2007.  Otherwise each party shall bear its own costs of suit.

2.      Go! Products grants to defendant Grill Man, Inc. a limited license to manufacture, sell, and market to sell solely from current inventory up to twenty-five (25) grill/cooler/radio combinations mounted upon scissor style legs with a trailer hitch mount ("Units") that may be alleged to read upon the '155 patent or the '855 patent ("License").  The License expires on its on terms in eighteen (18) months from the date of this Stipulated Permanent Injunction.

3.      The Units sold pursuant to this Stipulated Permanent Injunction shall not be sold or marketed with nor display the GRILL N' CHILL design mark, Reg. No. 2,500,441, issued

October 23, 2001, and the GRILL N' CHILL mark, Reg. No. 2,869,375, issued August 3, 2004

(hereinafter "GRILL N" CHILL design marks") or any mark that is confusingly similar thereto.

4.      The Units sold pursuant to this Stipulated Permanent Injunction shall include in all written materials that advertise or accompany the Units the following specific written disclaimer:

> This product was not manufactured, marketed, or sold by Go! Products of Elmhurst, IL.  Go! Products is the owner of two patents, U.S. Pat. No. 6,575,155 and U.S. Pat. No. 6,725,855, and two federally registered trademarks, the GRILL N' CHILL design mark, Reg. No. 2,500,441, issued October 23, 2001, and the GRILL N' CHILL mark, Reg. No. 2,869,375, issued August 3, 2004.

> This product was manufactured and sold by Grill Man, Inc., of Lewistown, PA. pursuant to an agreed Order entered by the United States District Court for the Southern District of Indiana, Indianapolis Division, at case number 1:05-cv-1270.  Grill Man, Inc. and this product are not associated in any way with Go! Products nor does GO! Products in anyway warrant the product.

5.      In addition to the twenty-five completed Units, defendant Grill Man may liquidate any remaining parts or materials inventory as they currently exist, (i.e. without being assembled into completed Units) without further claim by the Plaintiff.  These parts and materials may not contain the GRILL N' CHILL design marks.

6.      Defendants may, in conjunction with the manufacture and sale of the twenty-five permitted completed Units, prepare appropriate instructional materials to accompany each Unit. The instruction materials must contain the agreed disclaimer language set forth in paragraph 4 above.

7.      Except as otherwise provided for in this Stipulated Permanent Injunction, Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law, including but not limited to rights in and to the '155 patent, the '855 patent, and the GRILL N CHILL design marks.

8.      Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will expose Defendants to all penalties provided by law, including for contempt of Court.

9.      Defendants agree that in an action to enforce this final Judgment and Permanent Injunction they will not raise, either by way of counterclaim or affirmative defense, the issues of ownership, validity and/or enforceability of the '155 patent, the '855, and the GRILL N CHILL design marks.

10.     Defendants irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11.     Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiff to recover damages for any and all infringements by Defendants of any right under federal copyright law, federal patent law or state law occurring after May 5, 2006.

12.     Neither party shall make any public statements that are inconsistent with any term of this Stipulation Permanent Injunction.

13.     The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

14.     Each party shall pay its own costs of suit to date.

15.     The Parties agreed for themselves, and their agents, heirs, executors and administrators, successors and assigns, to release and forever discharge each other, and their agents, heirs, executors and administrators, successors and assigns, from any and all causes of actions, claims demands, liabilities, suits of any kind, injuries and damages, both known or unknown, which now or in the future may be found to relate to the subject matter of this suit

upon the terms outlined in this order.  These releases do not limit the right of any party to seek enforcement of the terms of this order.

16.     It is understood and agreed that this settlement was a compromise of disputed claims and that the payment made is not to be construed as an admission of liability on the part of any party.  It is understood and agreed that this Stipulated Permanent Injunction is entered into by the parties for the express purpose of terminating the present controversy and precluding further or additional suits.  The parties agreed to execute a Stipulation for Dismissal of this lawsuit.

17.     It is also understood and agreed that this Stipulated Permanent Injunction is the complete agreement between the parties regarding settlement and that there are no other written or oral understandings or agreements.  All parties state that they have read and fully understood the terms of this Stipulated Permanent Injunction.  All parties voluntarily accept this Stipulated Permanent Injunction as a full and final compromise and settlement of any and all claims.


s/ Steven G. Cracraft
Steven G. Cracraft
BINGHAM MCHALE
scracraft@binghammchale.com

Attorney for Plaintiff


s/ William I. Arbuckle III
William I. Arbuckle III
THE MAZZA LAW GROUP PC
arbuckle@mazzalaw.com

Attorney for all Defendants


SO ORDERED.


DATED: 08/04/2006

By:

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

William I. Arbuckle III
THE MAZZA LAW GROUP PC
arbuckle@mazzalaw.com

Daniel L. Boots
BINGHAM MCHALE
dboots@binghammchale.com

Steven G. Cracraft
BINGHAM MCHALE
scracraft@binghammchale.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

Patricia Ann Hughel
BINGHAM MCHALE
phughel@binghammchale.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com